UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONTROSE ENVIRONMENTAL GROUP, INC., a Delaware corporation; and MONTROSE AIR QUALITY SERVICES, LLC, a Delaware limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>ZEPHYR AIR QUALITY SERVICES, LLC, a Washington limited liability company; TIMOTHY J. HOMER, an individual; the MARITAL COMMUNITY OF TIMOTHY J. HOMER AND TAMMY D. MESSING; CLAYTON KRIETZMAN, an individual; and COLLIN ROSE, an individual,<br><br>    Defendants. | No. 2:16-cv-00433-SAB<br><br>**ORDER GRANTING STIPULATED MOTION FOR PRELIMINARY INJUNCTION AS TO DEFENDANTS TIMOTHY J. HOMER AND TAMMY D. MESSING** |

Before the Court is a Stipulated Motion for an Order Granting Plaintiffs Montrose Environmental Group, Inc. and Montrose Air Quality Services, LLC a Preliminary Injunction as to Defendants Timothy J. Homer, Tammy D. Messing,

**ORDER GRANTING STIPULATED MOTION FOR ORDER . . . ^1**

1 and the Marital Community of Timothy J. Homer and Tammy D. Messing, ECF
2 No. 14. The Plaintiffs stipulate with these specific Defendants to allow the entry
3 and enforcement of a preliminary injunction while denying liability in the
4 substantive claims at issue. The Court is empowered to enter and enforce
5 stipulated preliminary injunctions. *Cuviello v. City of Oakland*, No. C 06-5517
6 MHP, 2009 WL 3707014, at *4 (N.D. Cal. Nov. 3, 2009). Because this injunction
7 preserves the status quo and is agreed to by the above Defendants, it is "fair,
8 reasonable[,] and equitable and does not violate the law or public policy." *Sierra
9 Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). The
10 Court finds good cause to **GRANT** the motion and **ENTER** the preliminary
11 injunction.

12    Accordingly, **IT IS HEREBY ORDERED** that:

13    1. The Stipulated Motion for an Order Granting Plaintiffs Montrose
14 Environmental Group, Inc. and Montrose Air Quality Services, LLC a Preliminary
15 Injunction as to Defendants Timothy J. Homer, Tammy D. Messing, and the
16 Marital Community of Timothy J. Homer and Tammy D. Messing, ECF No. 14, is
17 **GRANTED**.

18    2. Plaintiffs' Motion for Preliminary Injunction, ECF No. 4, is **GRANTED**
19 as far as all Defendants have stipulated to it.

20    3. The Court hereby **ENTERS** the below preliminary injunction which is
21 enforceable against Defendants Timothy J. Homer, Tammy D. Messing, and the
22 Marital Community of Timothy J. Homer and Tammy D. Messing.

23    4. The preliminary injunction is as follows:

24        A. As of the date of this Motion and until lifted by the Court, the
25 Homers shall not access, copy, disclose, or disseminate any Montrose files or data
26 – including all files and data originally sold by Bighorn Environmental Air
27 Quality, LLC to Montrose – on (a) any Dropbox account controlled by Tim
28 Homer, and/or (b) any other cloud storage or storage device accessible via the

**ORDER GRANTING STIPULATED MOTION FOR ORDER . . . ^2**

Internet or other network that contains any Montrose files or data – (collectively, "Network Storage"), without written agreement of the parties or order of the Court.

   B. The Homers shall likewise not take any action to delete or destroy any such data in Network Storage, and shall not direct or permit anyone to do so on their behalf.

   C. The Homers shall not access, copy, disclose, or disseminate any Montrose files or data – including all files and data originally purchased from Bighorn – on hard drives, flash drives, SD cards, cell phones, and other external drives or storage media used by or accessible to the Homers that contain any of Plaintiffs' documents, data or other property (collectively "Local Storage") again absent written agreement of the parties or order of the Court. Notwithstanding the forgoing, the Homers may remove data from any local hard drive or personal computer provided that prior to the removal of any data, they first have a complete and entire physical disk image made of such hard drive or personal computer, preserving the contents of said hard drive or personal computer and to the reasonable satisfaction of Montrose.

   D. The Homers shall undertake all reasonable and required efforts to preserve all data and documents in their possession that relate to Montrose's allegations in this matter, including, without limitation, all data and documents pertaining to Zephyr Air Quality Services, LLC.

   E. Defendant Timothy J. Homer reaffirms and will comply with all obligations and covenants contained in the Asset Purchase Agreement Among Bighorn Environmental Air Quality, LLC, Tim Homer, and Montrose Air Quality Services, LLC (October 24, 2014) (the "APA"), including, without limitation, ¶ 9.3 of that agreement for the remaining term of the APA. And pursuant to that provision, Timothy Homer agrees that he is restricted from "Carrying on a Business," as that term is defined in §9.3(c)(i) of the APA, with defendant Zephyr

**ORDER GRANTING STIPULATED MOTION FOR ORDER . . . ^3**

Air Quality Services LLC or any other company or individual providing environmental related services for the remainder of the three-year term of that provision following the Closing Date of the APA.

   F. Due to the fact that they are stipulating to the entry of this injunction, the Homers waive any requirement for Montrose to file a bond as security under Federal Rule of Civil Procedure 65(c).

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 27th day of January, 2017.



     Stanley A. Bastian
    United States District Judge

**ORDER GRANTING STIPULATED MOTION FOR ORDER . . . ^4**