UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MONTROSE ENVIRONMENTAL GROUP, INC., a Delaware corporation; and MONTROSE AIR QUALITY SERVICES, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ZEPHYR AIR QUALITY SERVICES, LLC, a Washington limited liability company; TIMOTHY J. HOMER, an individual; the MARITAL COMMUNITY OF TIMOTHY J. HOMER AND TAMMY D. MESSING; CLAYTON KRIETZMAN, an individual; and COLLIN ROSE, an individual,<br><br>　　　　Defendants. | No. 2:16-cv-00433-SAB<br><br>**ORDER GRANTING STIPULATED MOTION FOR PERMANENT INJUNCTION** |

//

//


**ORDER GRANTING STIPULATED MOTION FOR PERMANENT INJUNCTION** ^1

Before the Court is the parties' Stipulated Motion for Entry of Permanent Injunction and Consensual Final Judgment, ECF No. 24. The motion was heard without oral argument.

After mediation and by stipulation of their counsel, the parties have reached a resolution in this matter and agree to the entry of a final judgment granting a permanent injunction on specific terms. Having reviewed the submissions of the parties, the Court is satisfied that the stipulated permanent injunction is "fair, reasonable[,] and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). The Court finds good cause to **grant** the motion and **enter** the permanent injunction.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The parties' Stipulated Motion for Entry of Permanent Injunction and Consensual Final Judgment, ECF No. 24, is **GRANTED**.

2. The Court hereby **ENTERS** the below permanent injunction which is enforceable against all parties. The permanent injunction is as follows:

   A. Within sixty (60) days of the date of the Stipulation, representatives of Plaintiffs and Defendant Timothy J. Homer ("Homer") shall facilitate a meeting, via a real-time video conferencing platform, or such other platform as is mutually agreeable, for the examination of the contents of the Dropbox account owned by and controlled by Defendant Homer for the identification, transfer, and permanent removal of all files related to Plaintiffs or information that Plaintiffs contend is confidential. To the extent that any additional storage devices containing files within Defendant Homer's possession, control, or custody related to Plaintiffs or Plaintiffs' confidential information exist, he shall identify and provide copies of such files to Plaintiffs and subsequently destroy all such files.

//
//

**ORDER GRANTING STIPULATED MOTION FOR PERMANENT INJUNCTION ^2**

B. Upon the destruction of these files, Defendant Homer shall provide a written certification, made under penalty of perjury, to Plaintiffs that he has identified and destroyed all files known to him after due and reasonable inquiry that are related to Montrose in any additional storage device.

C. Defendants are permanently enjoined and shall not otherwise access, copy, disclose, or disseminate any Montrose files or data – including all files and data originally sold by Bighorn Environmental Air Quality, LLC to Montrose – on (a) any Dropbox account controlled by Tim Homer, and/or (b) any other cloud storage or storage device accessible via the Internet or other network that contains any Montrose files or data – (collectively, "Network Storage"), without written agreement of the parties or order of the Court.

D. Defendants are permanently enjoined and shall not access, copy, disclose, or disseminate any Montrose files or data – including all files and data originally purchased from Bighorn – on hard drives, flash drives, SD cards, cell phones, and other external drives or storage media used by or accessible to Defendants that contain any of Montrose's documents, data or other property again absent written agreement of the parties or order of the Court.

E. Except to comply with this injunction or to the extent necessary to enforce its rights under the settlement agreement of the parties, each Defendant shall hold in confidence at all times following the date hereof all Confidential Information and shall not disclose, publish or make use of Confidential Information at any time following the date hereof without the prior written consent of Plaintiffs. The term "Confidential Information" means any information (in whatever form and whether or not recorded in any media) relating to the Business of Montrose (whether constituting a trade secret or not) and including, but not limited to, customer and vendor lists; information regarding research and development, inventions, and innovations; marketing and product information; customer and vendor documents, files, purchases and account history; vendor

**ORDER GRANTING STIPULATED MOTION FOR PERMANENT INJUNCTION ^3**

information; pricing, margins, and pricing strategies and policies; sales data for any employee, product, customer or territory; information on customer or vendor preferences; financial information of Montrose or its customers or vendors; the terms, conditions and structures of Montrose's contracts and agreements with customers, vendors and suppliers; and information pertaining to Montrose's methods of operation, processes, strategies and techniques; which (i) is or has been disclosed to a Defendant Party (or of which Defendant Party became aware) as a consequence of or through his or her relationship to Montrose; (ii) has value to Montrose or would be of value (actual or potential) to a competitor of Montrose, and (iii) is not generally known, or readily available by lawful means, to the public (including compiled information that is not publicly available in such a consolidated form). Confidential Information shall not include any specific information that has been voluntarily disclosed to the public by Montrose (except where such public disclosure has been made by a Defendant Party without authorization) or that has been independently developed and disclosed by others, or that otherwise has entered the public domain through lawful means. Confidential Information shall also not include information regarding a Defendant Party's own pay and benefits, information as to the terms and conditions of employment, or information that is deemed not confidential under Section 7 of the National Labor Relations Act. Nothing in this Order should be construed as restricting a Defendant Party's right to engage in legally protected activated under applicable law.

    F. Each party shall bear its own costs and fees.

//
//
//
//
//

**ORDER GRANTING STIPULATED MOTION FOR PERMANENT INJUNCTION** ^4

3. The Court having been notified of the settlement of this case, and it appearing that no issue remains for the Court's determination, **ORDERS** that within sixty days of the entry of this Order, the parties shall file a stipulation to dismiss together with a proposed order dismissing this case.

4. All deadlines are **VACATED** and any pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 16th day of October 2017.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING STIPULATED MOTION FOR PERMANENT INJUNCTION ^5**